# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID A. GARCIA, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. SA-17-CV-747-XR |
| WELLS FARGO BANK, N.A., | § | |
| *Defendant*. | § | |

## ORDER

On this date, the Court considered the status of the above-captioned case, including Defendant's Motion to Dismiss. Docket no. 4. After careful consideration, the Court GRANTS Defendant's Motion.

## BACKGROUND

Plaintiff David A. Garcia filed his Original Petition on May 8, 2017, in the 225th Judicial District Court of Bexar County. Docket no. 1-1. Plaintiff brings a claim for common-law fraud related to foreclosure proceedings. *Id.* at 6. Defendant Wells Fargo Bank, N.A. removed the case to this Court on the basis of diversity of citizenship with an amount in controversy over $75,000 on August 8, 2017. Docket no. 1.

On or about April 27, 2001, Plaintiff purchased the property at 4823 Casa Espana Street, San Antonio, Texas 78233 ("the Property"). Docket no. 1-1 at 6. Plaintiff alleges that he spoke with one of Defendant's employees "after getting behind on his loan payments." *Id.* Plaintiff

1

alleges the employee represented to Plaintiff that the Property would not go into foreclosure if Plaintiff refinanced the Property. *Id.* Plaintiff states this attempt was unsuccessful.

Plaintiff alleges that on or about June 15, 2017, Defendant filed a notice of trustee's sale to foreclose on the Property on August 1, 2017. *Id.* Plaintiff states that he spoke with Defendant "numerous times" and again as recently as July 2017 to discuss "the pending foreclosure in an attempt to stop the foreclosure proceedings." *Id.* Plaintiff states that to date he has not received notice that the foreclosure sale has been canceled. *Id.*

Plaintiff brings a claim for common-law fraud. *Id.* Plaintiff alleges Defendant made a false representation that the Property would not be foreclosed upon, that the representation was material, that Defendant knew the representation was false and intended Plaintiff to rely on it, and that Plaintiff justifiably relied on Defendant's false misrepresentation. *Id.* Plaintiff alleges the representation directly and proximately caused him injury. *Id.* at 7.

Defendant filed this Motion to Dismiss for failure to state a claim under Rule 12(b)(6), asserting that (1) Plaintiff's claim is barred by the statute of frauds, (2) Plaintiff's claims is barred by the economic loss rule, and (3) Plaintiff did not justifiably rely on Defendant's alleged promise not to foreclose on the Property. Docket no. 4. Defendant alleges that Plaintiff executed a purchase-money mortgage on the Property in the original principal amount of $50,200 and attached the relevant Deed of Trust to its motion. Docket no. 4-1. Plaintiff did not respond to Defendant's motion.

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings and the attached documents. FED. R. CIV. P. 12(b)(6). However, it is proper for the Court to take judicial notice of matters of public record in deciding a 12(b)(6) motion to dismiss. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)). Therefore, the Court takes judicial notice of the Deed of Trust that Defendant attached to its Motion to Dismiss and will consider the document in ruling on the motion.

II. **Application**

Plaintiff brings a claim for common-law fraud. To state a claim for fraud under Texas law, Plaintiff must establish that he actually and justifiably relied on an alleged misrepresentation to suffer injury. *H2O Sols., Ltd. v. PM Realty Group, LP*, 438 S.W.3d 606, 624 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). However, "[r]eliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the

3

parties is not justified as a matter of law." *Id.* (citing *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)).

Under Texas law, the statute of frauds applies to a loan agreement that exceeds $50,000.00 and requires that it be in writing and signed by the party to be bound or that party's authorized representative in order to be enforceable. TEX. BUS. & COM. CODE § 26.02. A "loan agreement" is defined to include promises, promissory notes, and deeds of trusts. *Id.* § 26.02(a)(2). If a contract falls within the ambit of the statute of frauds, then "any subsequent oral modification to the contract" also falls within the ambit of the statute of frauds. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("An agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid."). Moreover, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank N.A.*, 508 F. App'x. 326, 328–29 (5th Cir. 2013).

Plaintiff's mortgage is subject to the statute of frauds because it includes a loan agreement in the original amount of $50,200. Thus, any alleged modification to the contract also is subject to the statute of frauds. Plaintiff's fraud claim rests on the alleged misrepresentation by an employee of Defendant that the Property would not be foreclosed upon. Plaintiff alleges this alleged oral modification was a false statement on which he justifiably relied and that proximately caused him injury. Plaintiff, however, fails to allege that the modification related to there being no foreclosure of the Property was written. The statute of frauds thus bars enforcement of the alleged oral modification. Accordingly, Plaintiff fails to state a valid claim for common-law fraud claim. Because the Court grants Defendant's Motion to Dismiss on statute

4

of frauds grounds, it need not look to Defendant's arguments on the economic loss rule or Plaintiff's justifiable reliance.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Docket no. 4) is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 5th day of October, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE